[No. 6532. Decided March 21, 1907.]

PATRICK C. HAYES, *Appellant*, v. C. A. KOEPFLI and THE FIDELITY DEPOSIT COMPANY OF MARYLAND, *Respondents.*[1]

ATTORNEY AND CLIENT—AUTHORITY—SATISFACTION OF ASSIGNED JUDGMENT. Where, after a judgment for plaintiff has been assigned, an appeal is taken and plaintiff's attorney of record appeared for the respondent on the appeal, he was the attorney for the assignee of the judgment, although paid by the plaintiff, and had authority to receive payment and satisfy the judgment under Bal. Code, § 4766.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 31, 1906, upon sustaining a demurrer to the complaint, dismissing an action to recover money paid to a county clerk in satisfaction of a judgment. Affirmed.

*William C. Keith,* for appellant.

*W. W. Wilshire,* for respondents.

[1]Reported in 89 Pac. 151.

PER CURIAM.—On September 17, 1900, in the superior court of King county, one M. P. Zindorf recovered a judgment against the Western American Company for $403.89 and costs of action. On the same day John F. Dore, who was plaintiff's attorney of record, executed in plaintiff's name an assignment of the judgment to the appellant in this action, and filed the same with the clerk of the superior court. Shortly thereafter the Western American Company took an appeal from the judgment and Dore represented the respondent on the appeal. The judgment was affirmed in the appellate court. On the return of the remittitur, the Western American Company paid to the clerk of the superior court the amount of the judgment and costs. John F. Dore, as attorney, received the money from the clerk and satisfied the judgment. The appellant brought this action to recover the money of the clerk and his bondsman, on the ground that Dore, while he was the attorney of the original plaintiff and the attorney for the respondent on the appeal, did not represent the appellant, and was for that reason without authority to take or receive the money paid the clerk in satisfaction of the judgment. To a complaint alleging the foregoing facts, a demurrer was interposed and sustained, and the action dismissed.

We think the court ruled correctly in sustaining the demurrer. By the express terms of the statute, an attorney is authorized to receive payment and acknowledge satisfaction of a judgment obtained for his client. Bal. Code, § 4766 (P. C. § 3188). In this case, if the appellant acquired title to the judgment by the assignment, Dore was his attorney pending the appeal and the subsequent proceedings; and this, notwithstanding he may have been paid by Zindorf, the original plaintiff. Being his attorney, he had the right to satisfy the judgment under the section of the statute cited. Affirmed.